## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**CAROL A. WILSON,** *et al.***,**

      **Plaintiffs,**

    **v.**                             **Civil Action 2:18-cv-1779**
                                            **Magistrate Judge Chelsey M. Vascura**

**DM EXCAVATING, LLC,**

      **Defendant.**

### OPINION AND ORDER

### I.     PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c), is before the Court on the Motion for Attorneys' Fees and Costs on Unpaid Fringe Benefit Contributions of Plaintiffs Carol A. Wilson, Administrator, and Trustees of the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship and Training Fund, and the Ohio Operating Engineers Education and Safety Fund. (ECF No. 24.) For the reasons that follow, Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE**.

By way of background, On January 16, 2020, the Court granted in part and denied in part Plaintiffs' motion for summary judgment on their claim against Defendant DM Excavating, LLC ("DM") for unpaid fringe benefit contributions, interest, and liquidated damages under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145. (ECF No. 23.) Under 29 U.S.C. § 1132(g)(2)(D), an award of attorney's fees to Plaintiffs is

mandatory because "a judgment in favor of the plan [was] awarded." Plaintiffs submitted their motion and supporting documentation seeking $28,939.25 in fees and costs on January 29, 2020. (ECF No. 24.) Subsequently, DM filed a notice of appeal of the Court's summary judgment order on February 13, 2020. (ECF No. 26.)

The Court finds that resolution of Plaintiffs' Motion for attorney's fees and costs is not appropriate at this time. Plaintiffs' entitlement to attorney's fees could be affected by the appellate court's resolution of DM's appeal. "While in some cases it may be more efficient to rule on an attorneys' fee motion prior to the filing of an appeal so any appeal relating to fees may be considered with the merits of the case on appeal, where 'the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved.'" *Price v. Medicaid Dir., Office of Med. Assistance*, No. 1:13-CV-74, 2016 WL 8201769, at *1 (S.D. Ohio Feb. 1, 2016) (Litkovitz, M.J.) (quoting Fed. R. Civ. P. 58 Advisory Committee's Note 1993. *See also Smith v. Indian Hill Exempted Village School Dist.*, No. 1:10-cv-718, 2012 WL 1813062, at *1 (S.D. Ohio May 17, 2012) (Bowman, M.J.) ("Although a district court retains jurisdiction to rule on a pending motion for attorney's fees even when an appeal is pending in the Sixth Circuit, issues of judicial economy counsel against ruling" on such a motion until "the conclusion of the pending appeal."), *adopted in* Doc. 71 in 1:10-cv-718 (S.D. Ohio July 10, 2012).

Accordingly, for the foregoing reasons, Plaintiffs' Motion is **DENIED without prejudice to renewal** following the appellate court's resolution of DM's appeal.

## II. DM'S MOTION TO STAY PENDING APPEAL

This matter is further before the Court on DM's Motion for Partial Stay of Order Pending Appeal. (ECF No. 27.) For the reasons that follow, DM's Motion is **GRANTED IN PART and DENIED IN PART**. DM seeks a stay of the Court's summary judgment order to the extent

it relates to DM's liability "for fringe benefit contributions on behalf of Brad Doan and Joel McElrath for all hours worked during the audit period, regardless of whether the work was performed within the CBA's geographic jurisdiction." (Def.'s Mot. 1, ECF No. 27.) DM does not provide justification for the stay, beyond the assertion that execution of the judgment would "severely impact and, perhaps, continue [*sic*] Defendant's business operations." (*Id.*) Nor does DM address any of the factors the Court must consider in resolving a motion to stay. *See Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (when evaluating a motion to stay pending appeal, courts should consider "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.")

However, Plaintiffs' response indicates they do not oppose entry of a stay pending resolution of the appeal on condition that DM post a supersedeas bond. (Pls.' Resp. 1, ECF No. 28.) Federal Rule of Civil Procedure 62(b) permits a party to obtain a stay "by providing a bond or other security." A stay obtained under this Rule "takes effect "when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.*

Plaintiffs suggest a $300,000 bond is reasonable. (Pls.' Resp. 1, ECF No. 28.) The Court finds that a bond amount of $250,000 is more appropriate. The summary judgment order awarded Plaintiffs "unpaid fringe benefit contributions in the amount of $199,260.96, plus interest at the rate of 5% from September 30, 2019, until [January 16, 2020], plus liquidated damages in amount equal to the interest award." (Op. & Order 16, ECF No. 23.) Further,

Plaintiffs have requested $28,939.25 in attorney's fees and costs. (Pls.' Mot. for Attorney's Fees and Costs, ECF No. 24.) Thus, the maximum amount that Plaintiffs may be entitled to based on the trial court proceedings is $234,096.15. Although Plaintiffs suggest the Court should allocate another $29,000 in attorney's fees related to the appeal, the Court finds a total bond of $250,000 will sufficiently protect Plaintiffs' interests.

Accordingly, DM may obtain a stay of execution of the Court's summary judgment order by posting a supersedeas bond of $250,000. Because DM provided no argument in support of a discretionary stay, failure by DM to post such a bond will mean that no stay will take effect.

### III.    DISPOSITION

Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 24) is **DENIED without prejudice to renewal** following the appellate court's resolution of DM's appeal. DM's Motion to Stay Pending Appeal (ECF No. 27) is **GRANTED IN PART and DENIED IN PART**. Upon posting by DM of a $250,000 bond, execution of the summary judgment order (ECF No. 23) shall be stayed pending resolution of DM's appeal.

Finally, the Court notes that DM has yet to pay the filing fee for its notice of appeal. (ECF No. 26.) DM is cautioned that failure to timely pay the appellate filing fee could result in dismissal of its appeal.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE